**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Frenci,<br><br>  Plaintiff,<br><br>v.<br><br>Rush Auto Corporation LLC, et al.,<br><br>  Defendants. | No. CV-22-00414-PHX-MTL<br><br>**ORDER** |

**I.**

Plaintiff Christopher Frenci's Class Action Complaint (the "Complaint") asserts various claims against his former employer Rush Auto Corporation LLC, Janet Rush, and Daniel Thorpe (collectively "Defendants"). The Complaint, filed at Docket No. 1, charges Defendants with violating the Family Medical Leave Act, the Americans With Disabilities Act, and the Arizona Civil Rights Act. The Complaint also alleges that Defendants are liable for Negligent Infliction of Emotional Distress under Arizona common law. Defendants move to dismiss based on *res judicata* and an unexecuted Separation, Release, and Waiver Agreement. (Doc. 14.)

**II.**

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage, the Court's duty is to accept all well-pleaded complaint allegations as true. *Id*. "[D]ismissal is proper if there is a lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

### III.

### A.

Prior to initiating this lawsuit, Mr. Frenci filed an action against Defendant Thorpe in Maricopa County Justice Court. The Justice Court litigation alleged that Mr. Thorpe, Rush Auto Corporation LLC's human resources manager, ignored Mr. Frenci's request "for help after being harassed, bullied, picked on, discriminated and neglected by upper management and co-workers." (Doc. 14-1 at 2.) Mr. Frenci's Justice Court complaint accused Mr. Thorpe of refusing to "extend [his] FMLA" and that "as of Jan 15th 2021 [he] would no longer have Health Care Benefits." (*Id.*) It also alleges that "Mr. Thorpe was my HR Manager and should have protected me and my rights and make a safe/friendly work environment." (*Id.*)

Mr. Thorpe moved to dismiss the Justice Court litigation based on the unexecuted Separation, Release, and Waiver Agreement. He argued that the Agreement is enforceable under the equitable doctrine of estoppel because Mr. Frenci negotiated terms and received all the benefits of the agreement, including extended leave with pay and benefits while on leave, without disavowing it. (Doc. 14-1 at 11.) The Agreement includes a broadly drafted claims release applicable to Rush Auto Corporation and its "officers, directors, current and past employees . . . ." (Doc. 14-1 at 22.) The release applies to "any and all charges, complaints, claims, liabilities, and obligations of any nature whatsoever including, without limited to, . . . the termination of [Mr. Frenci's] employment with RAR" and the "Family Medical Leave Act," "Title VII," "the Arizona Civil Rights Act," "the Americans With Disabilities Act," "or any other federal, state or other governmental statute, regulation, or ordinance and any rights or claims for personal injury, wages, overtime, vacation," and "benefits" that Mr. Frenci may have "at any time hereinafter may have or claim to have whether known or unknown." (Doc. 14-1 at 23.) The Justice Court granted the motion to dismiss in a one-sentence handwritten order—"IT IS ORDERED: Granting Defendant's

Motion to Dismiss." (Doc. 14-1 at 53.)

**B.**

This Court is required to "give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). Here, an Arizona Court issued a ruling, and thus this Court must apply Arizona law. Arizona courts generally endorse a "broad" and "expansive application of preclusion principles." *Hawkins v. Dep't of Econ. Sec.*, 183 Ariz. 100, 104 (Ct. App. 1995). The Arizona Supreme Court has observed:

> [T]he doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, "it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them . . . as to every matter which was offered and received to sustain or defeat the claim or demand."

*In re Gen. Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69 (2006) (cleaned up).

To prevail on a *res judicata* defense, the moving party must establish the following: "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *Id*. at 69-70.

The Court agrees with Defendants that there is an identity of claims between the Justice Court litigation and the instant case. Both cases "arise out of the same transactional nucleus of facts." *Howell v. Hodap*, 221 Ariz. 543, 547 (Ct. App. 2009). Mr. Frenci, a former employee of Rush Auto Corporation, encountered issues in the workplace with other employees. His work performance suffered resulting from certain intense personal setbacks that need not be mentioned in detail here. Related to these issues, Mr. Frenci and Rush Auto Corporation negotiated the Separation, Release, and Waiver Agreement. Although it is unexecuted, Defendants contend that Mr. Frenci is estopped from denying

that it governs and, further, it appears that the Justice Court granted Mr. Thorpe's motion to dismiss on this basis. Despite having received the Agreement's financial benefits—Mr. Frenci does not deny receiving those benefits—he initially sought relief in the Justice Court related to his former employment with Rush Auto Corporation. This includes alleged discrimination and violations of the Family and Medical Leave Act. After that case was dismissed, he now seeks similar employment-related relief in this case.

Mr. Frenci argues that he could not have asserted his Americans With Disabilities Act claim at the Justice Court while his request for a right to sue determination was pending with the United States Equal Employment Opportunity Commission ("EEOC"). But, as Defendants persuasively argue, the preclusive effects of *res judicata* are not excused where a plaintiff could have either asked the trial court for a stay while the EEOC evaluated the charge of discrimination or moved to amend the complaint. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001). In the Justice Court, Mr. Frenci averred the existence of his pending EEOC charge. (Doc. 15-1 at 12.) Thus, at the very least, the option of staying the Justice Court proceedings was available to him.

Mr. Frenci also argues in his Response to the Motion to Dismiss that his Justice Court action did not assert employment-related claims but instead sought relief under A.R.S. § 12-541. That statute establishes a one-year statute of limitations for certain civil causes of action such as defamation, breach of an employment contract, and wrongful termination. Despite a passing reference to this statute in a Justice Court filing, *see* Doc. 15-1 at 12, the Justice Court record does not develop this argument any further. It is not clear to this Court how this statute helps Mr. Frenci avoid *res judicata*. Instead, the Court finds that it further supports the application of *res judicata* because of the statute's relation to employment contracts, employee handbooks, and wrongful termination. A.R.S. § 12-541(3) & (4).

The second element is satisfied because the Justice Court entered an order granting Mr. Thorpe's motion to dismiss. Mr. Frenci argues that this order does not operate as an adjudication on the merits because the judge did not specify that the dismissal was with

- 4 -

prejudice. Defendants disagree, arguing that the Justice Court's order dismissing Mr. Frenci's case was, under Ariz. R. Civ. P. 41(b), an "involuntary dismissal" that "operates as an adjudication on the merits." The second sentence of Rule 41(b), Ariz. R. Civ. P., provides that, "[u]nless the dismissal order states otherwise, a dismissal under this Rule 41(b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." (Emphasis added.) The Justice Court's order was issued pursuant to Rule 12(b)(6), which is an involuntary dismissal that does not fall under one of the excepted categories in Rule 41(b). The order does not indicate that the dismissal was without prejudice, *i.e.*, subject to refiling. Under the plain language of Rule 41(b), because the order did not indicate that Mr. Frenci's claims are subject to refiling, it operates as an adjudication on the merits. *See Phillips v. Ariz. Bd. of Regents*, 123 Ariz. 596, 598-99 (1979).

Finally, the Court finds that the third element, that the same parties or parties in privity, is satisfied. Mr. Thorpe was named as a defendant in the Justice Court lawsuit. Mr. Frenci's allegations there related to Mr. Thorpe's conduct as Rush Auto Corporation's human resources manager. The Justice Court complaint alleges that "Mr. Thorpe was my HR Manager and should have protected me and my rights . . . ." (Doc. 14-1 at 2.) Mr. Thorpe is in privity to his employer, Defendant Rush Auto Corporation, and its owner, Defendant Janet Rush. *See Corbett v. ManorCare of Am., Inc*., 213 Ariz. 618, 630 (Ct. App. 2006) ("Examples of persons in privity include employers and employees, principals and agents, and indemnitors and indemnitees.").

Defendants have satisfied their burden to show that *res judicata* applies in this case.

**C.**

The Court will resolve Defendants' motion based on *res judicata*. For this reason, it need not evaluate their alternative arguments of release and waiver.

///

///

///

**IV.**

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **granted** with prejudice. The Clerk of Court shall enter judgment in favor of Defendants and close this case.

Dated this 20th day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge